Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Lashify, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>QINGDAO SERAFINA INTERNATIONAL TRADE CO., LTD a/k/a QINGDAO VELEASHA IMPORT AND EXPORT CO., LTD. d/b/a VELEASHA a/k/a VELEASHA US,<br><br>*Defendant* | **Civil Case No.:**<br><br>[PROPOSED]<br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANT'S WEBSITE, USER ACCOUNTS, MERCHANT STOREFRONT AND DEFENDANT'S ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendant** | Qingdao Serafina International Trade Co., Ltd a/k/a Qingdao Veleasha Import and Export Co., Ltd. d/b/a Veleasha a/k/a Veleasha US |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*), Defendant's User Accounts (as defined *infra*), Defendant's Merchant Storefront (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system claimed by the Lashify Patent. |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patent |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the underside of a user's natural lashes, a sealer for providing protection to the Gossamer® Lashes, and a luxury case. |
| **Lashify Website** | https://www.lashify.com/ |
| **Lashify Amazon Storefront** | https://www.amazon.com/lashify/s?k=lashify |
| **Lashify Social Media** | Facebook https://www.facebook.com/lashify/<br>Instagram https://.instagram.com/lashify<br>YouTube https://www.youtube.com/@Lashify and<br>TikTok https://www.tiktok.com/@lashify |
| **Lashify Patent** | U.S. Patent No. 11,253,020 ('020 patent), entitled Artificial Lash |

i

| | |
|---|---|
| | Extensions |
| **Infringing Products** | Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe one or more claims of the Lashify Patent |
| **Infringing Listings** | Defendant's listings for Infringing Products |
| **Defendant's Website** | https://veleashalashes.com |
| **User Accounts** | Any and all websites owned and/or operated by Defendant (including, without limitation, Defendant's Website), any and all social media accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, advertises, promotes, offers for sale and/or sells Infringing Products including, without limitation, Instagram (https://www.instagram.com/veleasha.lashes.wholesale), Facebook (https://www.facebook.com/profile.php?id=100040836814520), Pinterest (https://www.pinterest.com/veleashalashes/), TikTok (https://www.tiktok.com/@veleasha_lashes) held and/or operated by Defendant, and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Merchant Storefront** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's User Accounts, including online marketplace platforms, including, without limitation, Amazon, Internet Service Providers, website hosts and/or registrars such as Alibaba |

|  | Cloud Computing (Beijing) Co., Ltd. ("Alibaba Cloud"), social media platforms including Facebook, Instagram, Pinterest, TikTok and YouTube, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise. |
|---|---|

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Website, User Accounts, Merchant Storefront and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendant, Third Party Service Providers and Financial Institutions in light of Defendant's intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, Declarations of Sahara Lotti and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. The Lashify System is a revolutionary, award winning DIY luxury lash extension system that creates salon quality lash extensions in record time and in the comfort of one's home. The Lashify System is easy to use and, unlike salon extensions, is damage-free to natural lashes, and creates infinite possibilities for all eye shapes in minutes.

2. Lashify is the assignee of the Lashify Patent, U.S. Patent No. 11,253,020 ('020 patent) entitled Artificial Lash Extensions. The '020 patent claims an artificial lash extension system including multiple lash extensions that are designed to attach to an underside of a user's natural lashes. Each of the lash extensions includes clusters of artificial hairs with 1) at least two artificial hairs; and 2) a base from which the at least two artificial hairs protrude. The '020 patent also claims that at least some of the artificial hairs are connected to one another at the base by at least an application of heat.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

3. The Lashify System is sold direct to consumers via the Lashify Website, through its own brick and mortar store in Los Angeles, California, the Lashify Amazon Storefront, and is advertised for sale through Lashify Social Media. The Lashify System is also sold through the retail store chain Selfridges in the UK.

4. The Lashify Control Kit® typically retails for $125 and its Gossamer® Lashes generally retail for between $17-$28.

5. The Lashify System has received numerous industry awards, including 2022 InStyle Beauty Editors' Pick, 2021-2022, The Beauty Authority New Beauty Award Winner, 2021, Cosmopolitan Holy Grail Beauty Award, 2019 Glamour Beauty Award Winner, The Knot Beauty Awards 2019 Winner, and 2019 Shape Editor Pick.

6. Defendant is manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Infringing Products through Defendant's Website, Merchant Storefront and User Accounts.

7. Defendant is not, nor has it ever been, an authorized distributor or licensee of the patented Lashify System. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendant's use of the Lashify Patent.

8. Plaintiff is likely to prevail on its Patent Act claim at trial.

9. As a result of Defendant's infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendant can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

   a. Defendant has offered for sale and sold substandard Infringing Products in the United States that infringe the Lashify Patent;

b. Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Lashify System; and

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendant on this Application, Defendant will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products or other goods that infringe the Lashify Patent, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under its control, (ii) inform its suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Lashify Patent, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Lashify Patent and records relating thereto that are in its possession or under its control and/or (iv) open new websites, User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence.

10.     The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Lashify Patent and to its reputation if a temporary restraining order is not

issued.

11. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Lashify Patent, and to protect the public from being deceived and defrauded by Defendant's Infringing Products.

12. Plaintiff has not publicized its request for a temporary restraining order in any way.

13. Service on Defendant via Federal Express and electronic means is reasonably calculated to result in proper notice to Defendant.

14. If Defendant is given notice of the Application, it is likely to secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Lashify Patent. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendant's Assets and/or Defendant's Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendant's Website, User Accounts and Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendant.

15. Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or sale of Infringing Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Lashify Patent;

2) operation of Defendant's Website, User Accounts and Defendant's Merchant Storefront, including, without limitation, continued operation of Defendant's Website, User Accounts and Merchant Storefront in violation of this Order;

3) directly or indirectly infringing in any manner Plaintiff's Lashify Patent;

4) making, using, selling, importing and/or offering to sell products that infringe the Lashify Patent;

5) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website, User Accounts, Merchant Storefront or Defendant's Assets and

5

the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

6) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

7) linking, transferring, selling and/or operating Defendant's Website;

8) using Defendant's User Accounts on social media platforms including but not limited to Facebook, Instagram, Pinterest, TikTok and/or YouTube to advertise, promote, offer for sale and/or sell Infringing Products; and

9) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court; and

2)  instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's Website, User Accounts and Merchant Storefront in violation of this Order.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  operation of Defendant's Website, User Accounts and Defendant's Merchant Storefront, including, without limitation, continued operation of Defendant's Website, User Accounts and Merchant Storefront in violation of this Order; and

2)  instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's Website, User Accounts and Merchant Storefront in violation of this Order.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendant is hereby ORDERED to show cause before this Court in Courtroom ____ of the United States District Court for the Southern District of New York at 500 Pearl Street//40 Foley Square, New York, New York on __March 10__, 2025 at __4:00 p__.m. [26(C] or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before __March 6__, 2025. Plaintiff shall file any Reply papers on or before __March 7__, 2025. [26(L]

C. IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendant's Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

8

## IV.     Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective if it is completed by the following means:

   1) delivery of: (i) a PDF copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendant's Website's e-mail addresses, veleashalashesofficial@hotmail.com and serabeauty@hotmail.com, and any additional address(es) to be determined after having been identified by Amazon pursuant to **Paragraph V(C)**.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within ~~five (5)~~ *Three (3) days* [JGK] of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and ~~V(C)~~** [JGK] of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

9

1) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to legal@tiktok.com, aundrea.payne@tiktok.com and alexandra.ar@tiktokusds.com;

6) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud will be able to download a PDF copy of this Order via electronic mail to DomainAbuse@service.aliyun.com;

    7) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Facebook will be able to download a PDF copy of this Order via electronic mail to ip@facebook.com and legal@meta.com;

    8) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com;

    9) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where YouTube will be able to download a PDF copy of this Order via electronic mail to legal@support.youtube.com; and

    10) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where YouTube will be able to download a PDF copy of this Order via electronic mail to support@pinterest.com.

### V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1) Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

        a. its true name and physical address;

        b. the name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendant owns and/or operates;

        c. the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

      d. the account details for any and all of Defendant's Financial Accounts, including, but not limited to, the account numbers and current account balances; and

      e. the steps taken by Defendant, or other person served to comply with **Section I**, above.

  2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

  3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant in its response to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendant's Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendant's Website(s), Defendant's User Accounts and Merchant

Storefront(s), and provide Plaintiff's counsel with a summary report containing account details for any and all websites, User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendant, Defendant's Website, Defendant's User Accounts and Defendant's Merchant Storefronts, contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

   b. current account balances;

   c. any and all identifying information for Defendant, Defendant's Website, Defendant's User Accounts and Defendant's Merchant Storefront, including, but not limited to, names, addresses and contact information;

   d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each of Defendant's Financial Accounts;

   e. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation,

13

    including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Website, Defendant's User Accounts and Defendant's Merchant Storefront, including, but not limited to, documents and records relating to:

    a. any and all User Accounts and Defendant's Merchant Storefront and account details, including, without limitation, identifying information and account numbers for any and all of Defendant's Website(s), User Accounts and Defendant's Merchant Storefront(s) that Defendant has ever had and/or currently maintains with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    b. the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C);

    c. the nature of Defendant's business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not

limited to, information associated with Defendant's Website, Defendant's User Accounts and Defendant's Merchant Storefront, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Website, User Accounts and Defendant's Merchant Storefront; and

d.  Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Lashify Patent.

## VI.  **Security Bond**

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of $25,000.00 Dollars ($25,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.  **Sealing Order**

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Sahara Lotti and Gabriela N. Nastasi in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 24th day of February, 2025, at 4:26 p.m.

_____
UNITED STATES DISTRICT JUDGE