Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Lashify, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> QINGDAO SERAFINA INTERNATIONAL TRADE CO., LTD a/k/a QINGDAO VELEASHA IMPORT AND EXPORT CO., LTD. d/b/a VELEASHA a/k/a VELEASHA US, <br><br> *Defendant* | 25-cv-1485 (JGK) <br><br> [~~PROPOSED~~] <br> **PRELIMINARY INJUNCTION ORDER** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendant** | Qingdao Serafina International Trade Co., Ltd a/k/a Qingdao Veleasha Import and Export Co., Ltd. d/b/a Veleasha a/k/a Veleasha US |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*), Defendant's User Accounts (as defined *infra*), Defendant's Merchant Storefront (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system claimed by the Lashify Patent. |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patent |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the underside of a user's natural lashes, a sealer for providing protection to the Gossamer® Lashes, and a luxury case. |
| **Lashify Website** | https://www.lashify.com/ |
| **Lashify Amazon Storefront** | https://www.amazon.com/lashify/s?k=lashify |
| **Lashify Social Media** | Facebook https://www.facebook.com/lashify/<br>Instagram https://.instagram.com/lashify<br>YouTube https://www.youtube.com/@Lashify and<br>TikTok https://www.tiktok.com/@lashify |
| **Lashify Patent** | U.S. Patent No. 11,253,020 ('020 patent), entitled Artificial Lash |

i

|  | Extensions |
|---|---|
| **Infringing Products** | Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe one or more claims of the Lashify Patent |
| **Infringing Listings** | Defendant's listings for Infringing Products |
| **Defendant's Website** | https://veleashalashes.com |
| **User Accounts** | Any and all websites owned and/or operated by Defendant (including, without limitation, Defendant's Website), any and all social media accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, advertises, promotes, offers for sale and/or sells Infringing Products including, without limitation, Instagram (https://www.instagram.com/veleasha.lashes.wholesale), Facebook (https://www.facebook.com/profile.php?id=100040836814520), Pinterest (https://www.pinterest.com/veleashalashes/), TikTok (https://www.tiktok.com/@veleasha_lashes) held and/or operated by Defendant, and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Merchant Storefront** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's User Accounts, including online marketplace platforms, including, without limitation, Amazon, Internet Service Providers, website hosts and/or registrars such as Alibaba |

|  | Cloud Computing (Beijing) Co., Ltd. ("Alibaba Cloud"), social media platforms including Facebook, Instagram, Pinterest, TikTok and YouTube, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise. |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on February 21, 2025 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts, Merchant Storefront and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on February 24, 2025 ("TRO") which ordered Defendant to appear on March 10, 2025 at 4:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on March 3, 2025, Plaintiff requested modification of the TRO, and on March 4, 2025, the Court granted Plaintiff's request, including adjourning the Show Cause Hearing to March 24, 2025 at 3:00 p.m. ("March 4, 2025 Order");

WHEREAS, on March 20, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the March 4, 2025 Order on Defendant;

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.  Plaintiff is likely to prevail on its Patent Act claim at trial.

B.  As a result of Defendant's infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

1. Defendant has offered for sale and sold substandard Infringing Products in the United States that infringe the Lashify Patent; and

2. Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to

1

Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Lashify Products.

C. The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Lashify Patent and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Lashify Patent, and to protect the public from being deceived and defrauded by Defendant's Infringing Products.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

    a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Lashify Patent;

        ii. operation of Defendant's User Accounts and Defendant's Merchant Storefront, including, without limitation, continued operation of Defendant's User

        Accounts and Merchant Storefront in violation of this Order;

  iii. directly or indirectly infringing in any manner Plaintiff's Lashify Patent;

  iv. making, using, selling, importing and/or offering to sell products that infringe the Lashify Patent;

  v. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts, Merchant Storefront or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

  vi. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

  vii. using Defendant's User Accounts on social media platforms including but not limited to Instagram and/or TikTok to advertise, promote, offer for sale and/or sell Infringing Products; and

  viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court; and

  ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii) and I(b)(i) above and I(c)(i) below, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefront in violation of this Order.

c) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. operation of Defendant's User Accounts and Defendant's Merchant Storefront, including, without limitation, continued operation of Defendant's User Accounts and Merchant Storefront in violation of this Order; and

      ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vii), I(b)(i) and I(c)(i) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefront in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendant's Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant and Defendant's User Accounts, contact information for Defendant (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant who is served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendant's Financial Accounts, User Accounts and Merchant Storefront, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendant, Defendant's User Accounts and Defendant's Merchant Storefront, including, but not limited to, names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

   v. any and all deposits and withdrawal during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi. any and all wire transfers into each and every of Defendant's Financial

      Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendant's User Accounts and Defendant's Merchant Storefront, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendant's Merchant Storefront and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendant's Merchant Storefront that Defendant has ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii. the identity, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii. the nature of Defendant's businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's User Accounts and Defendant's Merchant Storefront, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's User Accounts and Defendant's Merchant

Storefront; and

  iv. Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of counterfeit Products, or any other products using the Lashify Patent.

4. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service may be made on, and shall be deemed effective as to all Defendant if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order to Defendant's e-mail address(es) as identified by Amazon pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal

       Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to legal@tiktok.com and alexandra.ar@tiktokusds.com;

   f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where MetaPay will be able to download a PDF copy of this Order via electronic mail to legal@meta.com; and

   g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com.

6. Defendant is hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 24 day of March, 2025, at 3:25 p.m.
New York, New York

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

10